**Rozalia BERKE, Plaintiff-Appellee Cross-Appellant,**

v.

**OHIO DEPARTMENT OF PUBLIC WELFARE, Defendant-Appellant Cross-Appellee.**

**Nos. 79–3071, 79–3072.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 14, 1980.

Decided Sept. 4, 1980.

Thomas W. Hess, Asst. Atty. Gen., Samuel D. Orbovich, Columbus, Ohio, for defendant-appellant cross-appellee.

Alexander M. Spater, Schwartz, Fisher, Spater, McNamara & Marshall, Columbus, Ohio, for plaintiff-appellee cross-appellant.

Ira Owen Kane, Columbus, Ohio, for amicus curiae B'Nai B'Rith.

Before LIVELY and KEITH, Circuit Judges, and BALLANTINE,* District Judge.

PER CURIAM.

The Ohio Department of Public Welfare appeals from judgment of the district court finding that it violated Title VII of the Civil Rights Act of 1964 by discriminating against the plaintiff Rozalia Berke in matters of employment on the basis of her national origin. In her cross-appeal, the plaintiff contends that the district court based its back pay award on the salary of a lower classification than that to which she would have been entitled and that the district court allowed inadequate attorney's fees.

Rozalia Berke was born in Poland and emigrated to England at the age of 21. Berke's first acquaintance with the English language came after she moved to England where she was eventually certified as a nurse. The plaintiff came to Ohio in 1955 and while working for the Hamilton County Welfare Department she earned a bachelor of arts degree in psychology and a master of arts degree in communications from the University of Cincinnati. Berke moved to Columbus, Ohio in 1972 and began working for the Ohio Department of Welfare.

The district court found that the plaintiff's command of the English language is well above that of the average adult American, but that she retained a pronounced accent. The record fully supports the finding of the district court that the plaintiff was denied two positions within the Department because of her accent which flowed from her national origin.

On appeal the defendant argues that the district court improperly applied the standards set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Examination of the Opinion and Order of the district court convinces this court that the standards of *McDonnell Douglas* were properly applied.

The district court filed a second Memorandum concerning the back pay award and the application for attorney's fees. Both matters were fully discussed in the Memorandum and the district court gave its reasons for the determinations eventually made on these questions. The district court made a finding of fact concerning the pay grade to which the plaintiff would have been entitled if she had been offered either of the two jobs which were denied her because of her national origin. This finding of fact is not clearly erroneous, but is supported by the record. Our examination of the pertinent record and the Memorandum of the district court convinces

---

* The Honorable Thomas A. Ballentine, Jr., Judge, U. S. District Court for the Western District of Kentucky, sitting by designation.

982

us there was no abuse of discretion in the allowance of attorney's fees..

The judgment of the district court is affirmed on appeal and cross-appeal.